# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 8, 2015

Aortense Lewis
1313 Limit Avenue
Baltimore, Maryland 21239

Eric Scott Hartwig
Maryland Office of the Attorney General
Maryland Department of Transportation
7201 Corporate Center Drive
Hanover, Maryland 21076

> RE:   *Aortense Lewis v. Maryland Transit Administration*;
>         Civil No. SAG-13-2424

Dear Ms. Lewis and Counsel:

Plaintiff Aortense Lewis, who proceeds *pro se*, filed this lawsuit against Defendant Maryland Transit Administration ("MTA"), alleging employment discrimination based on race, age, and disability, in violation of various federal laws. [ECF No. 1]. Ms. Lewis has filed a Motion to Compel [ECF No. 40], and contingent upon that motion, a Motion for Extension of Time to complete discovery [ECF No. 39]. This letter order addresses Ms. Lewis's Motion to Compel, her Motion for Extension of Time, and MTA's consolidated response in opposition [ECF No. 41]. Ms. Lewis has not filed a reply, and the time for doing so has passed. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the following reasons, Ms. Lewis's Motion to Compel and Motion for Extension of Time are DENIED.

I first note that Ms. Lewis has not complied with the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rules 104.7 and 104.8, which govern motions to compel. *See* Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); Loc. R. 104.7 (D. Md. 2014) ("The Court will not consider any discovery motion unless the moving party has filed [the necessary] certificate."). However, *pro se* litigants are accorded a degree of leniency in this Court, and I will nevertheless address the merits of her motion. *See, e.g., Colodney v. Sebelius*, Civil No. JFM-09-1026, 2009 WL 4884501, *1 n.1 (D. Md. Dec. 9, 2009) (considering the merits of a *pro se* litigant's pleading, despite its untimeliness). Moreover, although Ms. Lewis did not file the requisite certification that the parties conferred with one another, I am satisfied, based on Ms. Lewis's motion and MTA's response, that they have done so.

*Aortense Lewis v. Maryland Transit Administration*
Civil No. SAG-13-2424
April 8, 2015
Page 2

Ms. Lewis's motion does not specify what she seeks the Court to compel.  However, MTA's response explains that Ms. Lewis takes issue with MTA's failure to produce documents related to former MTA Director of Service Development Jessica Keller, and that she alleges that MTA altered an email from the State Medical Director that was produced to her.  Def. Resp. 2. With respect to the documents related to Ms. Keller, MTA has filed affidavits from its Director of Service Development and its Chief of Classification and Compensation for the Office of Human Resources, averring that a search for documents responsive to the discovery request regarding Ms. Keller was undertaken, and that no responsive documents were located.  Def. Resp. Ex 1, Ex. 2.  These affidavits were executed under penalty of perjury, and I am satisfied that MTA has not failed to produce responsive documents.    Should MTA later discover responsive documents, it must, of course, fulfill its continuing duty to supplement its responses to Ms. Lewis's document requests.  Fed. R. Civ. P. 26(e).  At this stage, however, there is nothing for the Court to compel.

With respect to the alleged alteration of the email from the State Medical Director, MTA has filed an affidavit from MTA's Personnel Officer III in the Office of Operations Compliance and Investigations, the recipient of the email at issue, asserting that the email produced to Ms. Lewis is a "true and accurate copy of the document contained in the file," and that she "did not alter any information [she] received from the State Medical Director."  Def. Resp. Ex. 3.  This affidavit was also executed under penalty of perjury.  I have also examined the email, and I am satisfied that it does not appear to have been altered.  Def. Resp. Ex. 4.  Because MTA has already produced to Ms. Lewis an unaltered copy of the email, there is, once again, nothing for the Court to compel.

For the foregoing reasons, Ms. Lewis's Motion to Compel [ECF No. 40] is DENIED, and her Motion for Extension of Time [ECF No. 39], which was contingent thereupon, is also DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge